IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KIMBROUGH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-29-L-BN |
| | § | |
| STATE OF DALLAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

**Applicable Background**

This action was opened on January 4, 2018, after Plaintiff John Kimbrough appeared at the clerk's office and filed an application for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. The Court granted Kimbrough leave to proceed IFP and entered a notice of deficiency on January 8, 2018. That notice observed that Kimbrough's "complaint" – the IFP application – failed to comply with the applicable pleading standards, *see generally* FED. R. CIV. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662

-1-

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and required that he file, no later than February 7, 2018, an amended complaint asserting all claims that he wishes to bring using a court-provided form, *see* Dkt. No. 2 at 1-2 (warning Kimbrough that "[f]ailure to follow these instructions may result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court" (citing FED. R. CIV. P. 41(b))). The notice further observed that,

> [b]ecause Plaintiff has not provided the Court with a mailing address, the Clerk of Court shall contact Plaintiff at the phone number that he has provided to the Court to instruct him to retrieve this order and the attached form complaint from the intake counter at the Clerk's office – the location at which Plaintiff appeared to initiate this action.

*Id.* at 2.

Court records reflect that the Clerk's office called and left a message for Kimbrough on February 8, 2018.

Also on February 8, 2018, Kimbrough filed an amended complaint that provides in full "Law Suit against Dallas TX." Dkt. No. 4. In response, and in addition to requiring amendment on the court-provided form, the Court issued a questionnaire on January 10, 2018 to better understand the nature of Kimbrough's claims. *See* Dkt. No. 7. The questionnaire required Kimbrough to file verified responses no later than February 12, 2018; instructed the Clerk's office to contact Kimbrough "at the phone number that he has provided to the Court to instruct him to retrieve this order and questionnaire from the intake counter at the Clerk's office"; and again issued a warning under Rule 41(b). *Id.*

Court records reflect that the Clerk's office attempted to contact Kimbrough, at

-2-

the telephone number provided, on February 12, 2018 but were unsuccessful.

It is now more than one month past the deadlines for Kimbrough to file an amended complaint and provide verified questionnaire responses – and it is more than two months since he filed this action – and Kimbrough has yet to comply with the Court's orders or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). That authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th

Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By not responding to the Court's orders and by not updating his contact information, Kimbrough has prevented this action from proceeding, leaving the impression that he no longer wishes to pursue any relief sought in his amended complaint. He therefore has failed to prosecute his lawsuit. And, as this Court has observed in an analogous context, "'[w]here months pass without any contact by a plaintiff and all mail sent to a plaintiff within the same time period – at the only address plaintiff provides – is returned as undeliverable, the court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.'" *Davis v. Hernandez*, No. 3:12-cv-2013-L-BN, 2016 WL 335442, at *3 (N.D. Tex. Jan. 5, 2016) (quoting *Beck v. Westbrook*, No. 3:14-cv-2364-B, 2015 WL 7241377, at *2 (N.D. Tex. Oct. 6, 2015), *rec. adopted*, 2015 WL 7196340 (N.D. Tex. Nov. 16, 2015)), *rec. adopted*, 2016 WL 320644 (N.D. Tex. Jan. 27, 2016).

Similarly, the Court should not let this action languish on its docket because there is no way to contact Kimbrough. And he will not be prejudiced by a dismissal of

this action at this time – no filing fee has been assessed, and no limitations issues are apparent based on the meager allegations that he has made.

A Rule 41(b) dismissal of this lawsuit without prejudice is therefore warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile; the Court is not required to delay the disposition of this case until such time as Kimbrough decides to comply with the Court's orders, update his contact information, or otherwise contact the Court.

Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE